UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDRE LEVESQUE,<br>            Plaintiff, | )<br>)<br>) |
| v. | )    Civil No. 16-12545-LTS<br>) |
| STATE OF VERMONT, et al.,<br>            Defendants. | )<br>)<br>) |

ORDER ON MOTION TO CHANGE VENUE (DOC. NO. 1)

January 11, 2017

SOROKIN, D.J.

For the reasons set forth below, the Court denies plaintiff's motion to change venue.

I.   BACKGROUND

On December 5, 2016, plaintiff Andre Levesque ("Levesque"), a prisoner in custody at FMC Devens awaiting a civil commitment determination pursuant to 18 U.S.C. § 4246, submitted for filing his self-prepared Motion to Change Venue. *See* Docket No. 1. Levesque seeks to transfer to the District of Massachusetts a case that was dismissed by the District of Vermont in 2014. *See Levesque v. State of Vermont, et al.,* No. 12-159 (D. Vt. Dec. 8, 2014) (motion to reopen denied May 11, 2016), *appeal dismissed*, No. 16-1638 (2d Cir. July 13, 2016).

In the instant motion, Levesque alleges, among other things, that his transfers to various correctional facilities have impeded his access to the courts. He explains that he is "now detained as a hostage [because] federal employees [have] petitioned the court for a civil commitment." He seeks to have this court "adopt" the complaint that he filed in the District of Vermont and allow him to pursue the 2012 lawsuit that he filed against those who are responsible for his "distress, irreparable harms, pain suffering and [slander and defamation] of character."

II.     DISCUSSION

Under federal law, a civil action may be brought in a judicial district that falls into one of three categories: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the courts personal jurisdiction with respect to such action." *See* 28 U.S.C. § 1391(b)

Although the clerk assigned a civil action number to Levesque's motion to change venue, the court is unable to grant Levesque the relief he seeks. His 2012 lawsuit was closed in 2014 and his motion for reconsider was denied earlier this year. Accordingly, Levesque's motion to change venue is DENIED and this action is DISMISSED. In view of the dismissal, the Court need not address the failure of Levesque to pay the filing fee for this action or seek a waiver thereof. Moreover, the Court takes no view on whether Levesque may institute a new action in a judicial district with proper venue over his claims.

III.    CONCLUSION

Based on the foregoing, it is hereby Ordered that Plaintiff's Motion to Change Venue (Docket No. 1) is DENIED and this action is DISMISSED without assessment of the filing fee.

                                      SO ORDERED.

                                      /s/ Leo T. Sorokin
                                      Leo T. Sorokin
                                      United States District Judge